SLIP OPINION

Cite as 2015 Ark. 104

# SUPREME COURT OF ARKANSAS

No. CV-14-1123

| | | |
|---|---|---|
| EDMOND McCLINTON | | **Opinion Delivered** March 5, 2015 |
| | PETITIONER | |
| | | PRO SE MOTION FOR RULE ON CLERK TO PROCEED WITHOUT A CERTIFIED RECORD [LINCOLN COUNTY CIRCUIT COURT, NO. 40CV-14-67] |
| V. | | |
| HON. JODI RAINES DENNIS, CIRCUIT JUDGE | | |
| | RESPONDENT | MOTION DENIED. |

**PER CURIAM**

Petitioner Edmond McClinton tendered to this court a pro se petition for writ of mandamus, alleging that the respondent circuit judge had not acted in a timely manner on a pro se petition for writ of habeas corpus that he filed in the Lincoln County Circuit Court in 2014. Now before us is petitioner's motion for rule on clerk seeking to file the mandamus petition without the certified record required to file such an action. *See Paige v. State*, 2012 Ark. 413 (per curiam).

Arkansas Supreme Court Rule 6-1(a) provides that in cases in which the jurisdiction of this court is in fact appellate, although in form original, such as petitions for writs of prohibition, certiorari, or mandamus, the pleadings with certified exhibits from the trial court are treated as the record. Ark. Sup. Ct. R. 6-1(a) (2014); *Hall v. Johnson*, 2013 Ark. 137 (per curiam); *Boykins v. Williams*, 2013 Ark. 63, 426 S.W.3d 379 (per curiam); *Wright v. Griffen*, 2012 Ark. 313 (per curiam); *Barnett v. Tabor*, 2010 Ark. 22 (per curiam); *Davis v. Dennis*, 2009 Ark. 474 (per curiam); *Dillard v. Keith*, 336 Ark. 521, 986 S.W.2d 100 (1999) (per curiam). This court cannot assume jurisdiction of the mandamus petition tendered by petitioner without a certified record. *Hall,*

2013 Ark. 137; *Boykins*, 2013 Ark. 63, 426 S.W.3d 379; *Wright*, 2012 Ark. 313. Accordingly, as jurisdiction must be established before this court can act, it is petitioner's responsibility to provide the certified record necessary for this court to proceed.

Motion denied.

*Edmond McClinton*, pro se petitioner.

No response.